IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON DAVIS, § | | |
|     Movant, § | | |
| § | | 3:16-cv-3239-N (BT) |
| v. § | | 3:13-cr-0390-N (BT) |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jason Davis, a federal prisoner, filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The district court referred the resulting civil action to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the motion should be denied.

I.

Movant pleaded guilty to conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 846 (21 U.S.C. § 841) (Count One); being a felon in possession of a firearm and aiding and abetting in violation of 18 U.S.C. §§ 922(g)(1), 924(e), 924(a)(2) and 18 U.S.C. § 2 (Count Two); and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2 (Count Three). On May 13, 2015, the district court sentenced him to 292 months on Counts One and Two, to run concurrently, and 60 months on Count Three to run

consecutively. On October 26, 2015, the Fifth Circuit Court of Appeals dismissed Movant's appeal. *United States v. Davis*, No. 15-10482 (5th Cir. Oct. 26, 2015).

On November 10, 2016, Movant filed the instant § 2255 motion, in which he argues:

1. He received ineffective assistance of trial counsel prior to sentencing because:

    (a) Counsel failed to adequately communicate with him regarding the consequences of his plea, which rendered his plea involuntary;

    (b) Counsel failed to properly investigate;

    (c) Counsel failed to negotiate a favorable plea agreement; and

    (d) Counsel failed to file pretrial motions, including a motion to suppress, and a motion for 404(b) evidence.

2. He received ineffective assistance of counsel during sentencing when:

    (a) Counsel failed to discuss or explain the PSR to him;

    (b) Counsel failed to file objections to the PSR;

    (c) Counsel failed to submit mitigation evidence; and

    (d) Counsel failed to object that the sentence was substantively unreasonable.

3. He received ineffective assistance of appellate counsel when:

    (a) Counsel failed to communicate with him;

>   (b)   Counsel failed to raise stronger issues on appeal; and
>
>   (c)   Counsel failed to investigate relevant court cases.

## II.

The following stipulated facts are taken from the Factual Resume filed in the criminal case on October 6, 2014. (ECF No. 47 at 2-4.)

> On May 1, 2013, officers with the Dallas police department responded to the drug complaint at a residence on Vanette Lane, in the city of Dallas and Northern District of Texas. They knocked on the door and a female answered the door. The front door consisted of a wooden door and an outer metal cage door. When she opened the wooden door, the officer could smell a strong odor of marijuana coming from inside the house. The female stated that she did not have a key to the outer metal door and did not know who lived at the residence. The officers could see inside and observed [Movant] crawling on his hand and knees into the back of the residence and then they heard a toilet flushing. The officers also heard another person moving around inside. The officers believed [Movant] was destroying evidence and called Dallas Fire Department to the scene to open the caged door. When DFD arrived, another male came to the door and became aggressive towards them. They decided to turn the water off instead and then obtain a search warrant.
>
> After obtaining the warrant, they were preparing to make entry when [Movant], the other male, and the female walked out of the garage.
>
> While searching the residence they found a plastic bag containing cocaine in the breakfast area. They noticed that there were fresh holes in the ceiling and it appeared that someone had recently been in the attic. A search of the attic revealed several bags of marijuana. A High Standard, Model Riot, 12-gauge shotgun, bearing serial number P04947, was found in the bedroom.

> Additionally, the officers found scales, two food saver plastic heat sealers, rolls of plastic food sealing material and various other sized plastic bags in the house.
>
> The drugs recovered from the residence were submitted to the Southwest Institute of Forensic Sciences for chemical analysis. A forensic chemist analyzed the drugs (sic) determined that one sample contained a mixture or substance containing marijuana having a net weight of 5.72 pounds; the other sample contained a mixture or substance containing cocaine, have a net weight of 3.39 pounds.
>
> Prior to May 1, 2013, [Movant] had been convicted of [five prior felonies for Unlawful Possession with the Intent to Deliver a Controlled substance] . . . and [o]n November 21, 2008, [Movant] was convicted . . . of Evading Arrest in a Motor Vehicle[.]

### III.

To sustain a claim of ineffective assistance of counsel, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, Movant also must prove prejudice. To prove prejudice, Movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional

4

errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, [Movant] must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a movant argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

    A.    Prior to Sentencing

    (1)    Guilty Plea

Movant claims his counsel failed to adequately explain the consequences of his plea, the rights he was giving up, and the range of punishment. He states counsel failed to inform him that Count Three would run consecutively, and he alleges that counsel told him he would receive "about a 15-year sentence then a reduction that would bring it down to 7 years." He argues counsel's actions rendered his guilty plea involuntary.

The government argues this claim is procedurally barred because Movant did not raise the claim on direct appeal. When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered

5

under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Here, Movant attempted to raise an ineffective assistance of counsel claim on direct appeal, but the Fifth Circuit dismissed the appeal finding the record was not sufficiently developed for it to evaluate the merits of the claims. The Fifth Circuit has stated, "the general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *See United States v. Gulley,* 526 F.3d 809, 821 (5th Cir.2008). The Court therefore declines to find Movant's claim procedurally barred.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea, however, does not require a trial court to determine that the defendant has a perfect understanding of the consequences. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

Here, the record shows Movant voluntarily pleaded guilty. At the plea hearing, Movant stated he had reviewed the indictment with his attorney, and that he understood the charges. (ECF No. 84 at 2-3.) He also stated he reviewed the plea agreement with his attorney before signing it, and that he understood all the information in the plea agreement. (*Id.* at 5-6.) The prosecutor read aloud the range of punishment for each conviction, and Movant stated he understood the punishment range. (*Id.*) Movant also stated he understood that the mandatory minimum sentence on Count Two was fifteen years, and that the mandatory minimum on Count Three was five years, which would be served consecutively. (*Id.* at 6-7.) Movant stated he therefore understood that his mandatory minimum sentence would be twenty years. (*Id.*) Movant stated he discussed the sentencing

guidelines with his attorney, and that he understood that if the guidelines or sentence imposed was higher than he expected, he could not withdraw his guilty plea. (*Id.* at 7-9.)  He also reviewed the Factual Resume with his attorney before signing it, agreed that the stipulated facts were true and correct, and stated he understood all the information in the Factual Resume. (*Id.* at 9-10.)  He stated he understood his constitutional trial rights and understood that he was giving up these rights by pleading guilty. (*Id.* at 10-11.)  He stated he was pleading guilty, and waiving certain appeal rights, freely and voluntarily, that he was not forced or threatened into pleading guilty, and except for the promises in the plea agreement, no one had promised him any benefit in exchange for his guilty plea. (*Id.* at 6, 11-12.)  Movant also signed the Factual Resume and Plea Agreement. (ECF Nos. 47, 48.)  In the Plea Agreement, Movant agreed that the sentence would be determined solely by the court, that no one could predict with certainty the outcome of the court's consideration of the guidelines, and that there had been no guarantees or promises at to what sentence the court would impose. (ECF No. 48 at 4, 7.)  Finally, Movant agreed that his attorney reviewed all legal and factual aspects of the case with him, and that he was fully satisfied with his counsel's performance. (*Id.* at 7.)  In view of this record, Movant has failed to establish that his guilty plea was involuntary.

   (2) Investigation and Preparation

Movant claims his counsel was ineffective when counsel failed to adequately investigate the case, interview witnesses, obtain and share discovery with him, and sufficiently meet and confer with him. Movant's claims are without

8

merit. He has failed to show there is a reasonable probability that any further investigation, meetings with his counsel, or discovery would have changed the outcome of his case. He has submitted no evidence that any witness would have testified for the defense. *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ[.]"). Movant's conclusory claims should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

    (3)    Plea Agreement

Movant also claims his counsel was ineffective when counsel failed to obtain a more favorable plea agreement. Movant, however, fails to specify how defense counsel could have obtained a plea agreement that was more favorable to the defense. There is no constitutional right to a plea bargain. *United States v. Rice*, 607 F.3d 133, 144 (5th Cir. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)). Movant's claim should be denied.

    (4)    Motions

Movant argues his counsel was ineffective when counsel failed to file a motion to suppress and a motion for 404(b) evidence under the Federal Rules of Evidence.

Where a movant argues his counsel was ineffective for failing to raise a Fourth Amendment claim, the movant must "prove that his Fourth Amendment claim is meritorious." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The movant "must at a minimum show that the evidence would have been suppressed

9

if objected to." *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) (citing *Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005)). Here, Movant does not state the basis for suppressing any evidence. Movant's conclusory claim should be denied.

Movant also states counsel should have filed a motion for evidence under Fed. R. Evid. 404(b), which prohibits the use of evidence of a crime, wrong, or other act "to prove a person's character to show that on a particular occasion the person acted in accordance with the character," but does allow such evidence to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Movant does not explain how such a motion would have reasonably changed the outcome of his case. His conclusory claim should be denied.

B.  Sentencing

Movant claims he received ineffective assistance of counsel at sentencing when counsel failed to discuss the PSR with him and failed to file objections to the PSR.

Movant's claims are contradicted by the record. Movant testified at sentencing that he reviewed the PSR with his counsel and understood it. (ECF No. 85 at 4.) Defense counsel also filed written objections to the PSR, argued at sentencing that Movant should be sentenced to the statutory minimum, and requested that the court consider that Movant received only a two-level reduction for responsibility instead of the full three-level reduction. (ECF No. 85 at 4-6.) Although Movant argues counsel should have filed objections arguing that there was no connection between the gun and drugs, that the gun was unloaded and

that his fingerprints were not on it, Movant signed a Factual Resume and Plea Agreement admitting to possession of a firearm and admitting to possession of a firearm in furtherance of a drug trafficking crime. Movant's claims are therefore without merit.

Movant also states counsel should have objected to the inclusion of cases in his criminal history which were dismissed. Prior criminal conduct that does not result in a conviction, however, may be considered by the court. *United States v. Fuentes,* 775 F.3d 213, 219 (5th Cir.2014) (citing *United States v. Lopez-Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008)). This claim is without merit.

Movant states counsel failed to submit mitigation evidence. The record shows, however, that counsel submitted mitigation evidence consisting of letters from Movant's family and friends, and testimony from two of Movant's sisters. (ECF No. 85 at 8-10.)

Finally, Movant claims counsel should have argued that the sentence was unreasonable. His sentence, however, was within the guideline range. A sentence within the guideline range is presumptively reasonable. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 367 (5th Cir. 2009). This claim should be denied.

    C.    Appeal

Movant claims appellate counsel was ineffective when counsel failed to inform him about the issues to be raised on appeal or allow him to participate in the appeal, failed to argued that trial counsel was ineffective when counsel failed

to file a motion to suppress, failed to argue that his plea was involuntary and that his sentence was unreasonable, and failed to research recent court cases.

Movant argues appellate counsel failed to communicate with him and failed to raise his ineffective assistance of trial counsel claims on appeal. As discussed above, Movant's claims that trial counsel was ineffective are without merit. Appellate counsel was not required to make meritless arguments. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Further, Movant has failed to show there is a reasonable probability that additional meetings or communication with his counsel would have changed the outcome of the case. These claims should be denied.

Movant also argues counsel failed to research court cases and determine that the career offender guideline under U.S.S.G. § 4B1.1 was applied in violation of *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court outlined the process by which a district court should determine, for the purposes of the Armed Career Criminal Act ("ACCA"), if a defendant's prior state court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). In *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), the Fifth Circuit applied *Mathis* to hold that the Texas crime of possession with intent to deliver a controlled substance was no longer a controlled substance offense under U.S.S.G. § 4B1.1. *Tanksley*, 848 F.3d at 352. At the time of Movant's appeal, however, his prior convictions for possession with intent to deliver a controlled substance qualified as a controlled substance offense under the career enhancement provision of U.S.S.G. § 4B1.1. *See United States v. Ford*, 509 F.3d

714, 717 (5th Cir. 2007). Appellate counsel was not required to anticipate changes in the law. *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). This claim should be denied.

To the extent Movant raises a stand-alone claim that *Mathis* and *Tanksley* prohibit the career enhancement of his sentence, this claim fails. In his plea agreement, Movant waived the right to file a § 2255, except to challenge the voluntariness of his plea or appeal waiver and to bring an ineffective assistance of counsel claim. (ECF No. 48 at 7.) As discussed above, Movant's plea and waiver were voluntary. This claim is therefore waived. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (holding that a voluntary waiver of the right to file a § 2255 motion will be enforced). Additionally, a claim of misapplication of the sentencing guidelines is not cognizable under § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

IV.

For the foregoing reasons, the motion to vacate, set-aside, or correct sentence under § 2255 should be DENIED.

Signed December 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).